Judge Underwood
delivered the opinion of the Court.
At the October term, of the Frankliri circuit court, 1824, the following decree was rendered jn tjje su¡(.¡n chancerj', in which the plaintiffs in error were complainants, against the defendant Noland. “This day came the parties by their counsel, and submitted this cause to the court for a decree herein, and the court being sufficiently advised in the premises, do order, adjudge and decree, that the injunction awarded the complainants herein, be, and the same is hereby made perpetual; as to the sum of $24, and as to the balance, the same is dissolved with ten percent damages thereon; anditis further ordered and decreed, that the complainants, pay to the defendant, their costs herein expended, and by consent, the depositions filed in another suit between the parties, are to be filed and read as evidence in this cause, and if the court at the next term of this court, be of opinion, that the complainants are entitled to a further credit, the same may be decreed'and credited on the judgment at law; but either party may appeal from the decree then rendered, and on motion of defendant, it is ordered, that no part of this order, is to operate, so as to prevent execution issuing orí the judgment at law."
No appeal or writ of error lies, unless the judgment or decree be final.
This decree not final.
Loughborough, for plaintiffs; Monroe, for defendant.
I’he only question which we have deemed it important to consider, is, whether said decree, be such an one, that an appeal or writ of error can be prosecuted, to reverse it. If it be final, an appeal or writ of error lies. If it be not final* neither can be prosecuted. It is our opinion, that the decree is not final. It clearly reserves to the circuit court, the power to change the decree át the next term, by allowing the complainants credit, for more than the, $24, which were perpetually enjoined; It provides for filing additional evidence, and adds, that either party may appeal from thé decree, thén to be rendered; It may be said, that these things* are the stipulations of the parties by agreement, and that they should not controul what would otherwise be a final decree. The court has adopted the agreement of the parties in its decree* and having done so, it is clear that the cause was not put beyond the power of the circuit court, that it was not finally disposed of, in all its parts, which were essential to the rights of the parties. We cannot acknowledge, that the parties to a suit, can in its progress, so cut it up, as to authorize two of more appeals. If any doubt would arise upon the face of the decree already copied, it is satisfactorily removed by the additional record filed by agfeement, as though it had been brought up by certiorari, and which shews, that at a subsequent term, the court made another dfefcree and which, iri relation to the costs, is inconsistent with the decree first rendered.
Being of opinion, that the décree to revérs'e which* the writ of error is prosecuted, is ndt final, thé suit is dismissed. The defendant in 'error, must ¡recover his costs;